UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DUSTIN ALAN HODGDON,            )
                                )
    Plaintiff,                  )
                                )
v.                              )  1:11-cv-0077-MJK
                                )
SHIRLEY BARLOW,                 )
et al.,                         )
                                )
    Defendants                  )

# MEMORANDUM OF DECISION[1] ON MOTION TO DISMISS

Dustin Hodgdon has filed a civil action complaining that Shirley Barlow, an employee of Correctional Medical Services (CMS) at the Maine State Prison, violated his rights. He indicates that on February 7, 2011, he met with Barlow to talk about his mental health issues and Barlow took notes. Hodgdon alleges that Barlow gave these confidential notes (along with other notes pertaining to other inmates) to another inmate. Hodgdon describes himself as being "clinically violated" and maintains he has been experiencing problems with staff and other inmates as a consequence of the disclosure. Hodgdon indicates that Barlow admits to this professional malfeasance. He wants to be transferred to another facility where he is more secure regarding the integrity of his mental health counseling. He also seeks compensatory damages for his mental anguish. I now grant CMS's motion to dismiss.

## DISCUSSION

Correctional Medical Services, Inc. sets forth two reasons for dismissal. First, it maintains that the allegations of Hodgdon's complaint do not state a claim against it for anything

---

[1]  Pursuant to 28 U.S.C. § 636(c), the parties have consented to have United States Magistrate Judge Margaret J. Kravchuk conduct all proceedings in this case, including trial, and to order entry of judgment.

more than vicarious liability. Second, the complaint allegations are so threadbare of any support for institutional liability that it should be dismissed as to this entity.[2]

The two touchstones of my analysis of this motion to dismiss in the post-2009 pleading world are Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct.1937 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). See generally Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1 (1st Cir. 2011). The First Circuit summarized in Decotiis v. Whittemore: "The Federal Rules of Civil Procedure require a complaint to set forth 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" 635 F.3d 22, 29 (1st Cir. 2011) (quoting Fed. R. Civ. P. 8(a)(2)). "To survive a motion to dismiss, this short, plain statement must 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,' and allege 'a plausible entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 555, 559). "Applying the plausibility standard is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 129 S.Ct. at 1950). And of relevance to the complaint as against CMS, the First Circuit reflected in Peñalbert–Rosa v. Fortuño–Burset, 631 F.3d 592 (1st Cir.2011) that "some allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory and the factual." Id. at 595.

To the extent that Hodgdon is trying to hold CMS to account for a failure to train on a municipal liability template,[3] under current United States Supreme Court precedent Hodgdon has clearly not surmounted his burden by forwarding a 'single incident' theory as against CMS for Barlow's conduct of sharing her notes. See cf. Connick v. Thompson, 563 U.S. __, 131 S. Ct.

---

[2] The distinction between these two theories of defense is not entirely clear to me.
[3] In this action CMS is conceding that it is the "functional equivalent" of a municipality for purposes of 42 U.S.C. § 1983 liability. (See Mot. Dismiss at 3.)

2

1350 (2011) (over a strong dissent, majority reversing a split en banc Fifth Circuit Panel that affirmed a jury verdict in the plaintiff's favor on a failure to train/Brady v. Maryland, 373 U.S. 83 (1963) claim brought by an individual who faced an imminent death penalty after being convicted of murder but who was exonerated in the wake of evidence of a serious Brady infirmity after the details of the prosecutor's withholding of evidence came to light).

In his response to the motion to dismiss Hodgdon states that CMS has a confidentiality clause that was clearly violated by Barlow. (Doc. No. 17 at 1-2.) He also refers to CMS's decision to fire Barlow (or remove her to another facility) as a consequence of her impermissible disclosure as evidence that CMS knew that she had done wrong. (Id. at 2.) This is a prime example of a plaintiff pleading himself out of a case, see Atkins v. City of Chicago, 631 F.3d 823, 831 -832 (7th Cir. 2011), against this defendant sued on a deliberate indifference theory of failure to train or an unconstitutional policy and custom theory. It is a response that only reinforces CMS's argument that Hodgdon is trying to hold it vicariously liable for the conduct of Barlow.

In what I am taking as an additional responsive pleading (in leniency to his pro se status) Hodgdon insists that he wants to press on with a claim under the "Healthcare Inmate Privacy Act." (Doc. No. 23 at 1.) He does not give a statutory citation for this act and I could not locate any such legislation through my research. With regards to any lingering concern that Hodgdon wishes to pursue a claim under the Health Insurance Portability and Accountability Act (HIPAA), the First Circuit has directly rebuffed attempts to bring a private cause of action under HIPAA. See Miller v. Nichols, 586 F.3d 53, 59 -60 (1st Cir. 2009); see also McEvoy v. Hillsborough County, Civ. No. 09–cv–431–SM, 2011 WL 1813014, 6 -7 (D.N.H. May 5, 2011).

I conclude that CMS is entitled to judgment on the current pleadings as to his federal claim.[4] To the extent that Hodgdon is attempting to assert a state law tort claim against CMS (see Doc. Nos. 18 & 22) I decline to exercise supplemental jurisdiction without prejudice to Hodgdon's right to bring such an action in state court.[5] See 28 U.S.C. 1367(c); Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir.1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit ... will trigger the dismissal without prejudice of any supplemental state-law claims."); accord Gonzalez-DeBlasini v. Family Dept., 377 F.3d 81, 89 (1st Cir.2004). The motion to dismiss is granted as to CMS. (Doc. No. 11).

*So Ordered.*

July 8, 2011 /s/ Margaret J. Kravchuk
U.S. Magistrate Judge

---

[4] Barlow has filed a motion for summary judgment which is not yet ready for review.

[5] It appears likely that Hodgdon would have to comply with 24 M.R.S. § 2903 before proceeding with a state tort claim against a medical provider in this or any other court. His state court claim is undeveloped in his pleadings and prematurely filed if not in compliance with state court procedural requirements.