# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| DUSTIN ALAN HODGDON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11-cv-00077-MJK |
| | ) | |
| SHIRLEY BARLOW, | ) | |
| | ) | |
|     Defendant | ) | |

**ORDER ON MOTION FOR RECONSIDERATION**

Dustin Hodgdon has filed a document he has captioned "Appeal and Motion for Reconsideration on Memorandum of Decision on Unopposed Motion for Summary Judgment." To the extent that Hodgdon's pleading should be treated as a request to file a late response to Defendant Barlow's motion for summary judgment, I will grant his motion and I will reconsider my prior order which granted Barlow summary judgment in light of this additional filing.

Essentially Hodgdon takes issue with two aspects of Barlow's summary judgment presentation in the section of his motion entitled "disputed facts." First, he asserts that "Barlow's claim in the last paragraph on page 3 is a complete misrepresentation of the facts of the procedures at the state prison." In Paragraph Eleven of her statement of material facts, the last paragraph on page three, Barlow relied upon her own affidavit to support a factual assertion that she "has never, and would never, deliberately disclose a client's confidences without authorization or what she believed to be a legally-sufficient reason, such as an imminent risk of harm." (SMF ¶ 11, Doc. No. 21.) Hodgdon's naked assertion that Barlow's affirmation is a complete misrepresentation of the procedures at the state prison does not create a dispute of fact as to whether Barlow had herself ever disclosed a client's confidences without authorization.

Hodgdon next takes issue with what he describes as the third paragraph on page three, but he actually quotes verbatim from the sixth and seventh paragraphs of page two of the defendant's statement of material fact. (Id. ¶¶ 6-7.) Those paragraphs contain the following information:

> 6. Barlow's handwritten notes were not formal clinical notes that she intended to make part of her clients' clinical records, but rather were brief, summary notes that she typically used to refresh her recollection of certain details when completing her charting duties. Barlow Declaration ¶ 8.
> 7. Note-taking was an important tool in Barlow's practice in the high-security section of the prison, where Dustin Hodgdon was housed, because inmates there were not allowed to leave their pod, and Barlow needed the notes to refresh her memory when she returned from the pod to her office and could formally chart her client visits. Barlow Declaration ¶ 8.

(Id.) The notes to which Hodgdon refers were Barlow's notations regarding Hodgdon that contained the following personal information: "Refer for physical. Panic Attacks. 6 ½ y.o. daughter." (Id. ¶ 8.) Hodgdon explains that the disclosure of this information on his high security unit was especially troublesome because child molesters were housed there "who continuously look for information about your children's names and ages along with addresses off peoples mail." (Mot. Reconsideration at 2, Doc. No. 31.)

No one questions that this disclosure could have caused Hodgdon anxiety and that it should not have occurred. However, the basic facts remain undisputed. Hodgdon did not suffer any physical injuries nor did any altercations with other inmates occur as a direct result of this disclosure. Furthermore, nothing in the "disputed facts" put forward by Hodgdon, even if one looks beyond the obvious District of Maine Local Rule 56 nonconformance, causes me to modify in any way the prior Memorandum of Decision that directed the entry of judgment in Barlow's favor.

Based upon the foregoing, entry will be:

Motion for Reconsideration granted in part, in that the late filing of the opposition to the summary judgment motion is allowed, but denied in part, in that nothing in Hodgdon's submission creates a legal or factual basis for reconsideration of my prior order.  In the event Hodgdon wishes to appeal the judgment to the Court of Appeals, I will <u>sua</u> <u>sponte</u> extend the time to file a notice of appeal by 30 days.  <u>See</u> Fed. R. App. P. 4(a)(5).  Currently the appeal period will expire on August 22, 2011; I will extend it to September 21, 2011.  It is unclear to me if Hodgdon intended this pleading to act as a Notice of Appeal and by granting this extension I will give him a full opportunity to file a timely notice, if such was his intent.

***So Ordered.***
August 4, 2011                                  /s/ Margaret J. Kravchuk
                                                U.S. Magistrate Judge